UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID L. KERNER, ) | |
|    Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 21-4161 |
| ) | |
| HENRY COUNTY JAIL, et. al., ) | |
|    Defendants ) | |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, claims his constitutional rights were violated at the Henry County Jail during his incarceration from August of 2020 through September of 2020. Plaintiff was arrested on August 5, 2020, but claims he was not told why he was in the jail. Instead, he was "put in a room on the floor" and only allowed out once a week "to clean up." (Comp., p. 5). Plaintiff says there were gnats or other bugs in his cell that were on him every night.

After eight weeks, Plaintiff's ears began to hurt. Plaintiff met with medical staff who found bugs in Plaintiff's ear. Plaintiff says his ear still hurts. Plaintiff also

1

mentions hearing issues, but it is not clear if he is alleging it is related to the bugs found in his ear.

Plaintiff also complains he had to wait until three weeks until August 26, 2020 to make a phone call.  During this time, Plaintiff says he "lost everything I had." (Comp., p. 5).  Plaintiff further states he did not receive a second phone call until September 30, 2020.

The Court notes the Illinois Department of Corrections (IDOC) website indicates Plaintiff was arrested on August 5, 2020 for Aggravated DUI.[1]   Henry County public records state Plaintiff was arraigned the next day and he was advised of the charges against him and the possible penalties.  A public defender was also appointed to represent Plaintiff.[2]  Plaintiff ultimately plead guilty to the charges on December 22, 2020 and he was sentenced on December 30, 2020.

Plaintiff is now asking for damages based on the conditions at the jail.[3]  For the purposes of notice pleading, Plaintiff has articulated a claim based on his sleeping

---

[1] ILLINOIS DEPARTMENT OF CORRECTIONS, Individuals in Custody, Individuals in Custody (illinois.gov), (last visited December 2, 2021).
[2] JUDICI, Henry County, IL | Case Search (judici.com), (last visited December 2, 2021).
[3] Plaintiff also makes a vague reference to problems at his current Illinois Department of Corrections (IDOC) facility.  However, Plaintiff does not provide enough specific information to state a claim concerning his IDOC incarceration.  If Plaintiff wishes to pursue this claim, he must file a separate lawsuit. *See George v Smith*, 507 F.3d 605, 607 (7th Cir. 2007)("multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2).

conditions, limited showers, bugs in his cell, and limited access to phone calls. Plaintiff does not allege he was denied medical care.

Unfortunately, the only Defendants identified in Plaintiff's complaint are the Henry County Jail and "all first shift workers." (Comp., p. 1). The jail is not a proper Defendant because it is a building and not a person capable of being sued pursuant to 42 U.S.C. §1983. *See White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018); *Laughman v. Baker*, 2020 WL 5653397, at *1 (S.D.Ind. Sept. 23, 2020). Therefore, the Court must dismiss the Henry County Jail.

In addition, Plaintiff has made vague reference to other officers who worked a specific shift. To hold an individual liable under Section 1983, Plaintiff must "show that the defendants were personally responsible for the deprivation of their rights." *Wilson v. Warren Cty., Illinois*, 2016 WL 3878215, at *3 (7th Cir. 2016). "A defendant is personally responsible 'if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent.'" *Id. quoting Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Did Plaintiff complain to any officers about his living conditions? Did any of the officers know about Plaintiff's specific problems within the jail? Did Plaintiff file any grievances alerting any jail staff to the problems with his living conditions? Plaintiff must identify individuals who knew about his complaints, but still took no action. If Plaintiff is unsure of an individual's name, he may instead describe the individual by job title, hours worked, and physical description.

Therefore, Plaintiff's complaint is dismissed for failure to articulate a claim against any Defendant. However, the Court will allow Plaintiff time to file an amended

complaint clarifying his claim as directed in this order.  Plaintiff's amended complaint must include all claims against all Defendants and must stand complete on its own without reference to any prior filing.

Plaintiff has also filed a motion for appointment of counsel. [4]. Plaintiff has no constitutional right to the appointment of counsel.  In addition, the Court cannot require an attorney to accept *pro bono* appointment in a civil case.  The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992).

In considering Plaintiff's motion, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

In this case, Plaintiff has not demonstrated any attempt to find counsel on his own such as a list of attorneys contacted, or copies of letters sent or received. This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan v. Dempsey*, 2021 WL 456002, at *8 (7th Cir. 2021); *citing Davis v. Moroney*, 857 F.3d 748, 753 (7th Cir. 2017).  Therefore, Plaintiff's motion is denied with leave to renew after he clarifies his claims and provides some evidence of a reasonable attempt to find counsel on his own. [4].

IT IS THEREFORE ORDERED:

4

1) Plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted. Plaintiff must identify a proper Defendant or Defendants to proceed with is claim based on the conditions of confinement at the Henry County Jail.

2) Plaintiff must file an amended complaint in compliance with this order within 21 days or on or before 12/23/2021. If Plaintiff fails to file his amended complaint in compliance with this order on or before 12/23/2021, his case may be dismissed.

3) Plaintiff is reminded he must immediately notify the Court in writing of any change in his mailing address and telephone number. Failure to provide this information could result in the dismissal of his lawsuit.

4) Plaintiff's motion for appointment of counsel is denied with leave to renew after he clarifies his claims and provides evidence of a reasonable attempt to find counsel on his own [4].

5) The Clerk of the Court is to provide Plaintiff with a blank complaint form and reset this case for an internal merit review within 30 days or this order.

Entered this 2nd day of December, 2021.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE